**UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.:

SHATON BENNETT, and

    Plaintiff,

vs.

LISA'S ULTIMATE WAX III LLC,
a Florida Limited Liability Company, and
LISA SCHILLER,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHATON BENNETT ("Ms. Bennett"), by and through the undersigned attorneys, sues Defendants, LISA'S ULTIMATE WAX III LLC ("LISA'S ULTIMATE WAX"), and LISA SCHILLER ("Ms. Schiller") (collectively, "Defendants"), and alleges the following:

## GENERAL ALLEGATIONS

1. This is an action to recover the unpaid wages and overtime compensation, liquidated damages, attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* against Defendants.

2. Plaintiff, Ms. Bennett, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris*.

3. Defendant, LISA'S ULTIMATE WAX, is a Florida limited liability company, with its principal place of address being 400 Bontona Avenue, Fort Lauderdale, FL 33301, and within the jurisdiction of this Court.

4. At all times material hereto, LISA'S ULTIMATE WAX existed for the purpose of offering hair removal and other related services.

5. Defendant, Ms. Schiller, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris*.

6. Ms. Schiller is the owner and sole managing member of LISA'S ULTIMATE WAX and is responsible for its daily operations, including all payroll practices and decisions.

7. Ms. Schiller approved and ratified all unlawful payroll policies, practices, and procedures transgressing the requirements of the FLSA mentioned herein.

8. At all times material hereto, Ms. Bennett was employed by LISA'S ULTIMATE WAX and Ms. Schiller.

9. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

10. Upon information and belief, LISA'S ULTIMATE WAX's gross annual revenues were in excess of $500,000.00 per year in the years 2017, 2018, and 2019, and will exceed the same in 2020.

11. At all relevant times, LISA'S ULTIMATE WAX has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, LISA'S ULTIMATE WAX (1) had employees engaged in interstate commerce or in the production of goods for interstate commerce, and (2) had employees who handled, sold, or otherwise worked on goods or materials that have been moved in, or produced for, interstate commerce in the years 2016 - 2019. LISA'S ULTIMATE WAX has employed and/or continues to employ "employee[s]," including Ms. Bennett, who herself handled equipment and supplies that had travelled in interstate "commerce" for the purpose of conducting business.

12. Therefore, based on the aforementioned, LISA'S ULTIMATE WAX was at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

13. At all times material hereto, Ms. Bennett, in performing her job duties, was engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(r), 203(s), 206(a) and 207(a).

14. Ms. Bennett was employed by LISA'S ULTIMATE as a wax esthetician from October 2018 through February 2020.

15. At all times pertinent to the Complaint, Defendants failed to comply with §§ 29 U.S.C. 201- 219 as Ms. Bennett performed hours of service for LISA'S ULTIMATE WAX in excess of forty (40) hours during one or more workweeks, for which LISA'S ULTIMATE WAX failed to properly pay additional overtime premiums.

16. Upon information and belief, it was the usual practice of LISA'S ULTIMATE WAX to pay overtime selectively and excluded all similarly-situated wax estheticians from same.

17. Ms. Bennett was not exempt from the right to receive the appropriate overtime pay under the FLSA.

18. Rather, Ms. Bennett solely performed non-exempt work, that is, Ms. Bennett's primary duties consisted of general labor and other non-supervisory roles.

19. Ms. Bennett was not free from supervision in connection with matters of significance such as project management or operations. Moreover, Ms. Bennett did not customarily and regularly supervise two (2) or more full-time employees or their equivalent.

20. Upon information and belief, Defendants further failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Ms. Bennett.

21. The pay practice on the part of Defendants violated the FLSA as Defendants failed to properly pay overtime to Ms. Bennett for those hours worked in excess of forty (40).

22. Since 2018, Defendants (1) employed Ms. Bennett; and (2) suffered or permitted to be suffered, with knowledge, hours of service by Ms. Bennett in excess of forty (40) during one or more workweeks, for which LISA'S ULTIMATE WAX failed to properly pay additional overtime premiums.

23. Upon information and belief, Defendants' failure to properly pay overtime for those hours worked in excess of forty (40) is not unique to Ms. Bennett. Rather, Defendants utilized the exact same aforementioned scheme, in violation of the FLSA, for many employees at various locations with similar job titles and qualifications. This practice of LISA'S ULTIMATE WAX applied to all wax estheticians.

24. All of these aforementioned LISA'S ULTIMATE WAX employees were and have been subject to a payroll policy, practice, and procedure transgressing the requirements of the FLSA.

25. As a result, there exist many other "similarly situated" employees, within the meaning of 29 U.S.C. § 216(b). This putative class includes every employee of LISA'S ULTIMATE WAX that was not employed in a managerial or supervisory capacity (*e.g.,* all wax estheticians) and employed for any length of time since three (3) years prior to the filing of the instant lawsuit. Like Ms. Bennett, all members of this putative class were paid their respective standard rates of pay for hours worked over forty (40) each week, rather than time and one-half, as is required under Federal law.

26. The undersigned will move for conditional class certification when appropriate.

## **COUNT I**

## **RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF SHATON BENNETT AGAINST ALL DEFENDANTS**

27. SHATON BENNETT re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

28. This is an action for Unpaid Overtime on behalf of Ms. Bennett against all Defendants.

29. During Ms. Bennett's employment with LISA'S ULTIMATE WAX, she worked hours in excess of forty (40) for which she was not properly compensated.

30. Ms. Bennett was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

31. Ms. Bennett was never paid overtime for the hours she worked for LISA'S ULTIMATE WAX, from October 2018 through the last date of her employment with LISA'S ULTIMATE WAX.

32. Ms. Bennett was entitled to be paid the regular rate and overtime rate for the relevant time periods as referenced above. Defendants have failed and refused to do so.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by LISA'S ULTIMATE WAX's failure to pay Ms. Bennett time and one-half wages for the hours she worked in excess of forty (40) hours per week when Defendants knew or should have known such was due. Rather, LISA'S ULTIMATE WAX attempted to intentionally skirt federal law by paying her the regular rate.

34. Defendants failed to properly disclose or apprise Ms. Bennett of her rights under the FLSA.

35. Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Ms. Bennett.

36. Ms. Bennett is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful, and unlawful acts of LISA'S ULTIMATE WAX, Ms. Bennett has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

38. Ms. Bennett is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

39. Ms. Bennett demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, SHATON BENNETT, respectfully requests that a judgment be entered against Defendants, LISA'S ULTIMATE WAX III LLC, and LISA SCHILLER:

a. Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Ms. Bennett overtime compensation in the amount to be calculated;

c. Awarding Ms. Bennett liquidated damages in the amount to be calculated;

d. Awarding Ms. Bennett reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Ms. Bennett pre- and post-judgment interest; and

f. Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

Respectfully Submitted on this <u>23rd</u> day of June, 2020.

Pike & Lustig, LLP
*/s/ Daniel Lustig*

**Daniel Lustig**
Florida Bar No.: 059225
**Robert C. Johnson**
Florida Bar No.: 116419
1209 N. Olive Ave.
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
Email:  pleadings@pikelustig.com
*Counsel for Plaintiff*

7